## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BARBARA WILSON, individually and as the Administrator of the Estate of CURTIS L. WILSON, now deceased<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF CICERO, a Municipal Corporation, Police Officers DINO VITALO, Star No. 376; DANIEL WILSON, KARL BERGER, Star No. 334; Star No. 377; ANDREW TOMKO, Star No. 476; JOSEPH DEKEIL, Star No. 393; JOHN SAVAGE, Star No. 395 and WALTER WIRACK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 06 C 3746<br>) Honorable Judge Manning<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THE TOWN OF CICERO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, the Town of Cicero (hereinafter "Defendant"), by and through its attorney K. Austin Zimmer, of Del Galdo Law Group, LLC, in answer to Plaintiff's Complaint, states as follows:

### PRELIMINARY STATEMENT

1. This action seeks compensatory and punitive damages plus cost of this action and attorneys' fees for Civil Rights violations committed by the Defendants under color of law, which deprived Plaintiff's decedent of rights secured under the Constitution and laws of the United States.

**ANSWER: Defendant admits this action seeks compensatory and punitive damages plus cost of this action and attorneys' fees. However, Defendant denies that Plaintiff's decedent's rights were deprived.**

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER: Defendant admits the allegations in Paragraph 2.**

## VENUE

3. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 29 U.S.C. § 1391(b) because the wrongful conduct complained of occurred in this judicial district.

**ANSWER: Defendant admits that the venue is proper.**

## PARTIES

4. At all times herein relevant, Plaintiff was the next of kin of the decedent, a resident of the City of Chicago, Cook County, Illinois and a citizen of the United States of America.

**ANSWER: Defendant admits the allegations in Paragraph 4.**

5. At all times herein relevant, the decedent was a 39 year-old black male, a resident of the City of Chicago, Illinois and a citizen of the United States of America.

**ANSWER: Defendant admits the allegations in Paragraph 5.**

6. Defendant Town of Cicero is a Municipal Corporation organized under the laws of the State of Illinois.

**ANSWER: Defendant admits the allegations in Paragraph 6.**

7. Officer Dino Vitalo was employed by the Town of Cicero Police Department as a police officer.

**ANSWER: Defendant admits the allegations in Paragraph 7.**

8. Officer Daniel Wilson was employed by the Town of Cicero Police Department as a police officer.

**ANSWER: Defendant admits the allegations in Paragraph 8.**

9. Officer Karl Berger was employed by the Town of Cicero Police Department as a police sergeant.

**ANSWER: Defendant admits the allegations in Paragraph 9.**

10. Officer Andrew Tomko was employed by the Town of Cicero Police Department as a police officer.

**ANSWER: Defendant admits the allegations in Paragraph 10.**

11. Officer John Savage was employed by the Town of Cicero Police Department as a police officer.

**ANSWER: Defendant admits the allegations in Paragraph 11.**

12. Walter Wirack was employed by the Town of Cicero Police Department as cell keeper.

**ANSWER: Defendant admits the allegations in Paragraph 12.**

13. Plaintiff sues the individual defendants in their individual capacity.

**ANSWER: Defendant admits the allegations in Paragraph 13.**

14. At all times material to this Complaint, the Police Officers acted under color of the statutes, customs, ordinance and usage of the State of Illinois, the Town of Cicero and Cicero Police Department.

**ANSWER: Defendant can neither admit nor deny the allegations contained in Paragraph 14 because it contains legal conclusions.**

## COUNT I (Willful and Wanton Acts)

15. On March 17, 2006, the decedent was lawfully present in a public way as a pedestrian the vicinity of the Town of Cicero, Illinois.

**ANSWER: Defendant denies the allegations in Paragraph 15.**

16. On said time and place, Defendants Wilson, Vitalo, Tomko, Savage, Dekeil and Berger were present on the same location in their capacity as Cicero Police Officers.

**ANSWER: Defendant admits the allegations in Paragraph 16.**

17. The defendants named in paragraph II above arrested the decedent based on suspicion of possession of rock cocaine.

**ANSWER: Defendant admits the allegations in Paragraph 17.**

18. During the arrest, the decedent placed the suspect narcotic in his mouth and ingested a large quantity of rock cocaine.

**ANSWER:** **Defendant denies the allegations in Paragraph 18.**

19. Defendants Wilson, Tomko and Berger were aware that the decedent ingested rock cocaine.

**ANSWER:** **Defendant denies the allegations in Paragraph 19.**

20. Despite the knowledge that the decedent had ingested rock cocaine, defendants Wilson, Tomko and Berger placed him custody and radioed for back officers to transport the decedent to luck-up.

**ANSWER:** **Defendant denies the allegations in Paragraph 20.**

21. Defendants Savage and Dekiel arrived on the scene, took custody of the decedent and transported the decedent to Cicero Police station.

**ANSWER:** **Defendant denies the allegations in Paragraph 21.**

22. Defendants Savage and Dekiel processed the decedent prior and took intake questions from the decedent.

**ANSWER:** **Defendant denies the allegations in Paragraph 22.**

23. In their intake report, Defendant's Savage and Dekiel noted that the decedent appeared irrational and under influence of Alcohol/Drug.

**ANSWER:** **Defendant admits that is noted on the intake report.**

24. Defendants Savage and Dekiel also noted that the decedent needed medical attention because he "Swallowed Rock Cocaine."

**ANSWER:** **Defendant denies the allegations in Paragraph 24.**

25. Defendant Wally Wirack, the Jail Keeper, was present when the decedent informed Defendants Savage and Dekiel that he swallowed rock cocaine.

**ANSWER:** **Defendant denies the allegations in Paragraph 25.**

26. Defendant Wirack failed to summon medical attention.

**ANSWER:** **Defendant denies the allegations in Paragraph 26.**

4

27. The decedent requested medical attention during his detention.

**ANSWER: Defendant denies the allegations in Paragraph 27.**

28. In performing their functions, Defendants Police Officers had a duty to exercise ordinary care to avoid causing injury to the decedent.

**ANSWER: Defendant can neither admit nor deny the allegations contained in Paragraph 28 because it contains legal conclusions.**

29. Notwithstanding their duty, at the aforesaid time and place, Defendants Police Officers were guilty of one or more of the following willful and wanton acts and omissions:

   a. willfully and wantonly failed to provide medical care to the decedent;

   b. willfully and wantonly failed to summon paramedics in a timely fashion to administer medical treatment to the decedent;

   c. willfully and wantonly failed to administer first aid to the decedent; and

   d. willfully and wantonly committed other acts and omissions that resulted in harm to the decedent.

**ANSWER: Defendant denies the allegations in Paragraph 29.**

30. As a result of the aforesaid unlawful and malicious conduct, Defendants subjected Plaintiffs decedent to cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States of America and 42 U.S.C. § 1983.

**ANSWER: Defendant denies the allegations in Paragraph 30.**

31. As a direct and proximate result of the aforesaid acts of the Defendants, the Plaintiff's decedent then and there sustained severe and permanent injuries, both externally and internally, resulting in his death.

**ANSWER: Defendant denies the allegations in Paragraph 31.**

32. That by reason of the premises, decedent's next of kin for whose benefit this action is brought has suffered and will in the future suffer substantial pecuniary damages.

**ANSWER: Defendant denies the allegations in Paragraph 32.**

WHEREFORE, the Town moves to dismiss Count I in its entirety.

## COUNT II (Monell Claim)

33. Plaintiff realleges paragraphs 1-32 of Count I as paragraphs 1-32 of Count II and hereby incorporates them in this Count as though fully set forth herein.

**ANSWER: Defendant re-alleges and incorporates by reference its answers to paragraphs 1 through 32 of the Complaint as though set forth in this paragraph 33 of its Answer to the Complaint in their entirety.**

34. At all times relevant to this Complaint the Individual Defendants acted as police officers of the Town of Cicero Police Department, were acting under the direction and control of the Defendant Town of Cicero.

**ANSWER: Defendant can neither admit nor deny the allegations contained in Paragraph 14 because it contains legal conclusions.**

35. At all times material to this Complaint, there existed in CICERO the following practices, policies and customs:

  a. stopping, detaining, arresting and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

  b. arbitrary use of excessive force against arrestees, detainees and other civilians;

  c. denying medical care to arrestees, including those who have been beaten by the arresting police officers and who is known to have ingested rock cocaine;

  d. promoting policy pertaining to drug ingestion whereby police officers are simply required to ask the arrestee if he/she swallowed drugs. If the answer is negative, all reasonable suspicion and all exhibited adverse symptoms are then ignored.

  e. preparing false and incomplete police reports to cover-up police misconduct including cruel and unusual punishment;

  f. not preparing police reports, and false denial that an incident of misconduct occurred in an attempt to suppress and conceal police misconduct including unconstitutional searches and seizures;

  g. filing false charges and pursuing baseless prosecutions in order to protect police officers from claims of improper conduct and avoid liability;

  h. a *code of silence* in which police officers fail to report police misconduct including the type of misconduct alleged by Plaintiff in this case;

6

 i. said *code of silences* also includes police officers either remaining silent or giving false and misleading information during official investigation to cover-up misconduct and protect themselves and other officers;

 j. failure to adequately train, discipline and supervise police officers in the categories and fields of work addressed in sub-paragraphs a-i above:

 k. failure to adequately train and supervise police officers to rectify the malfeasance described in sub-paragraphs a-i above;

 I. failure to adequately investigate citizen complaint against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-i above;

 m. failure to adequately discipline police officers for the type of misconduct alleged by the Plaintiff in this Complaint and described in the sub-paragraphs a-i above;

 n. conducting inherently defiant investigations of citizen complaints of police misconduct in which an officer is disciplined in a minuscule percentage of cases, thereby encouraging more police misconduct; and

 o. failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a-i above, by its lack of discipline for police misconduct;

**ANSWER: Defendant denies the allegations in Paragraph 35.**

36. While acting under color of law and pursuant to the official policy or custom, Defendant Town of Cicero knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis the Individual Defendants in their duties to summon medical aid to a detainee, including but not limited to Plaintiff's decedent.

**ANSWER: Defendant denies the allegations in Paragraph 36.**

37. Defendant Town of Cicero had knowledge or, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the Individual Defendants were not properly trained, supervised or controlled and would commit the acts heretofore alleged.

**ANSWER: Defendant denies the allegations in Paragraph 37.**

38. Defendant Town of Cicero had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence failed or refused to do so.

7

**ANSWER:** **Defendant denies the allegations in Paragraph 38.**

39. Defendant Town of Cicero directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Individual Defendants heretofore described.

**ANSWER:** **Defendant denies the allegations in Paragraph 39.**

40. As a direct and proximate result of the willful and wanton acts of Defendant Town of Cicero, the Plaintiffs decedent died while in the custody of the Cicero Police Department in violation of his Constitutional and statutory rights guaranteed by the Eight Amendments and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**ANSWER:** **Defendant denies the allegations in Paragraph 40.**

41. That by reason of the premises, decedent's next of kin for whose benefit this action is brought has suffered and will in the future suffer substantial pecuniary damages.

**ANSWER:** **Defendant denies the allegations in Paragraph 41.**

WHEREFORE, the Town moves to dismiss Count II in its entirety.

## COUNT III (Wrongful Death)

42. Plaintiff realleges paragraphs 1-41 of Count II as paragraphs 1-41 of Count III and hereby incorporates them in this Count as though fully set forth herein.

**ANSWER:** **Defendant re-alleges and incorporates by reference its answers to paragraphs 1 through 41 of the Complaint as though set forth in this paragraph 42 of its Answer to the Complaint in their entirety.**

43. That on March 17, and for some time prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act.

**ANSWER:** **Defendant admits the allegations in Paragraph 43.**

44. That BARBARA WILSON is the Administrator of the Estate of CURTIS L. WILSON, deceased, for the purpose of prosecuting this action.

**ANSWER:** **Defendant admits the allegations in Paragraph 44.**

45. That the Decedent, CURTIS L. WILSON, left surviving him several children.

**ANSWER:** **Defendant has no knowledge of the allegations contained in Paragraph 45.**

8

46. That as a consequence of said willful and wanton acts and/or omissions of the Defendants, the survivors have suffered pecuniary injuries including but not limited to loss of society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

**ANSWER:** **Defendant denies the allegations in Paragraph 46.**

WHEREFORE, the Town moves to dismiss Count III in its entirety.

## AFFIRMATIVE DEFENSES

The Town asserts the following affirmative defenses to Plaintiff's claims as set forth above:

1. Under the Illinois Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Town (a local public entity), is not liable if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

2. Under the Tort Immunity Act, the Town (a local public entity) is not liable because a public employee is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

3. Under the Tort Immunity Act, the Town (a local public entity) is not liable because a public employee is not liable for his/her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

4. Under the Tort Immunity Act, the Town (a local public entity) is not liable because the Individual Officer Defendants exercised discretion on a non-ministerial matter and are

not liable for any resulting injuries. 745 ILCS 10/2-201. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

5. Probable cause existed for the arrest of Plaintiff.

6. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case, and, if Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then Plaintiffs must be barred from recovery herein.

WHEREFORE, the Town of Cicero requests judgment in its favor and against Plaintiff with costs assessed against Plaintiffs and in favor of the Town of Cicero.

Respectfully submitted,

DEL GALDO LAW GROUP, LLC

*/s/ K. Austin Zimmer*
K. Austin Zimmer, Esq.

K. Austin Zimmer
DEL GALDO LAW GROUP, LLC
Attorney No. 6276227
10526 W. Cermak Road, Suite 300
Westchester, IL 60154
Tel. (708) 531-8800